No. 23-40137

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

Diamond Services Corporation,

Plaintiff - Appellant

v.

RLB Contracting, Incorporated; Harbor Dredging, Incorporated; Travelers Casualty and Surety Company of America,

Defendants - Appellees

---

**On Appeal from**
United States District Court for the Southern District of Texas
3:21-CV-253

---

**REPLY BRIEF OF APPELLANT DIAMOND SERVICES CORPORATION**

---

SUBMITTED BY:

Harry E. Morse
Martin S. Bohman
Bohman Morse, L.L.C.
400 Poydras Street
New Orleans, LA 70130

# TABLE OF CONTENTS

Contents                                                      Pages(s)

Table of Contents ...................................................................... ii

Table of Authorities ................................................................. iii

Argument................................................................................1

1. This Court has jurisdiction to consider the admiralty issues
   and the civil issues. .............................................................1

2. The 90-day notice requirement under the Miller Act for sub-subcontractors is
   not jurisdictional and need not be pled in the Complaint...................................4

3. RLB would have this Court reverse the burden on summary judgment ...........6

4. The evidence and the case law that Diamond should recover under quantum
   meruit remains overwhelming .........................................................7

Conclusion ..............................................................................8

Certificate of Service ................................................................9

Certificate of Compliance .......................................................10

# TABLE OF AUTHORITIES

Cases…………………………………………………………………Pages(s)

*Arena v. Graybar Elec. Co., Inc.*
    669 F.3d 214 (5th Cir. 2012) .........................................................5

*Catlin v. United States*
    324 U.S. 229 (1945) ...................................................................1

*D'Onofrio v. Vacation Publications, Inc.*
    888 F.3d 197 (5th Cir. 2018) .........................................................6

*Francis v. Forest Oil Corp.*
    798 F.2d 174 (5th Cir. 1986) .........................................................3

*Ft. Bend County, Texas v. Davis*
    139 S.Ct. 1843 (2019) .................................................................5

*Hill v. Shamoun & Norman, LLP*
    544 S.W.3d. 724 (Tex. 2018) .........................................................7

*North Cypress Medical center v. Cigna Healthcare*
    781 F.3d 182 (5th Cir. 2015) .........................................................7

*In re Patton-Tully Transp. Co.*
    715 F.2d 219 (5th Cir. 1983) .........................................................3

*J-Way Southern, Inc. v. United States Army Corps of Engineers*
    34 F.4th 40 (1st Cir. 2022)) .........................................................2

*Leatherman v. Tarrant City Narcotics Intelligence & Coordination Unit*
    28 F.3d 1388 (5th Cir. 1994) .........................................................6

*McLaughlin v. Mississippi Power Co.*
    376 F.3d 344 (5th Cir. 2004) .........................................................1

*S&W Enterprises LLC v. Southtrust Bank of Alabama*
    315 F.3d 533 (5th Cir. 2003) .........................................................5

*Williamson v. Recovery Ltd. Partnership*
  731 F.3d 608 (6th Cir. 2013) ...........................................................................3

*U.S. for the Use of American Bank v. C.I.T Constr. Inc. of Tex.*
  944 F.2d 253 (5th Cir.1991) ...........................................................................5

**Statutes and Treatises**                                    **Pages**

28 U.S.C. § 1291 ............................................................................................. 1-4

28 U.S.C. § 1292(a)(3)..................................................................................... 1-4

Fed. R. Civ. P. 8(a)..............................................................................................5

Fed. R. Civ. P. 9(h)(2)..........................................................................................2

Fed. R. Civ. P. 56(f)(2) .........................................................................................6

# ARGUMENT

## 1. This Court has jurisdiction to consider the admiralty issues and the civil issues.

The district court granted RLB's, Harbor's, and Travelers' motions for summary judgment. ROA.1892. That order is not appealable under 28 U.S.C. § 1291 because the district court left open certain of RLB's affirmative defenses, which RLB had styled as a counterclaim. Therefore this Court does not have does not have jurisdiction under 28 U.S.C. § 1291. See generally *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 350-51 (5th Cir. 2004) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945).

As such, Diamond did not appeal under 28 U.S.C. § 1291. Diamond appealed under 28 U.S.C. § 1292(a)(3), which gives this Court appellate jurisdiction over "[i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." That appeal is proper, and it gives this Court jurisdiction over both admiralty and non-admiralty claims within the admiralty case.

This is an admiralty case. Diamond's amended Complaint makes a Rule 9(h) designation. ROA.353. Diamond's work was the provision of a dredge, barges, and tugs, which is fundamentally maritime in nature. See e.g. *J-Way Southern, Inc. v.*

*United States Army Corps of Engineers*, 34 F.4th 40 (1st Cir. 2022). In the face of that, RLB made a jury demand, and so did Harbor. ROA.71, ROA.233 (Harbor); ROA.552 (RLB). A jury demand is inconsistent with admiralty jurisdiction. RLB and Harbor sought to withdraw their jury demand unilaterally, which is not consistent with Fed. R. Civ. P. 38(d). For its part, Diamond sought to move its case back to the civil side and demand a jury. RLB told the district court at some length that RLB knew all along its jury demand was improper and that this would always be an admiralty case. ROA.1810-29. The district court held that this is an admiralty case. ROA.1893-99.[1] Therefore Diamond has a right of appeal under 28 U.S.C. 1292(a)(3).

RLB argues next that if this Court has jurisdiction, it has jurisdiction only over the admiralty claims, not the civil claims too. That argument is foreclosed by the language of 28 U.S.C. § 1292(a)(3), which applies to admiralty cases, not admiralty claims. If there were any doubt, that doubt is resolved by Fed. R. Civ. P. 9(h)(2), which provides that "[a] case that includes an admiralty or maritime claim within this subdivision (h) is an admiralty case within 28 U.S.C. § 1292(a)(3)." If this is an admiralty case (and it is) then this Court has jurisdiction over civil claims in the same case as well. The issue was examined in depth in *Williamson v. Recovery Ltd.*

---

[1] The district court's order holding that this is an admiralty claim is not, itself, appealable under 28 U.S.C. 1292(a)(3), because it does not determine the rights and liabilities of the parties. See *Wingerter v. Chester*, 185 F.3d 657, 670-71 (7th Cir. 1998).

*Partnership*, 731 F.3d 608, 618-19 (6th Cir. 2013), where the Sixth Circuit held that this language means what it says. This Court has jurisdiction over the entire appeal.

RLB and Harbor both argue that if this Court has jurisdiction under 28 U.S.C. § 1292(a)(3), then it lacks jurisdiction for Diamond's tug claim because that claim was dismissed prior and Diamond did not appeal that order within thirty days. To Diamond's review, this issue is one of first impression. The district court denied Diamond's claim for the tug KERRILYNN in ruling on RLB's motion to dismiss. ROA.1666. Diamond did not appeal that within thirty days under 1292(a)(3), even though it was appealable on that basis. See generally *Francis v. Forest Oil Corp.*, 798 F.2d 174, 150 (5th Cir. 1986); *In re Patton-Tully Transp. Co.*, 715 F.2d 219, 222 (5th Cir. 1983).

Assuming Diamond could have appealed the district court's order on RLB's motion to dismiss, certainly Diamond did not need to do so: it could wait until a final judgment on the merits and appeal under 28 U.S.C. § 1291. The question before this Court is whether Diamond can appeal that order under § 1292(a)(3) when the district court enters a new order, dismissing the remainder of a plaintiff's claims, or whether instead only the subject matter of the second order is appealable.

The tug claim is small compared to the balance of the claim, and if this Court lacks jurisdiction over that claim now, it will become ripe upon entry of a final judgment. The better approach, though, is to allow the appeal for the tug claim. The

3

opposite approach has two follow-on consequences: first, it would encourage piecemeal appeals. If a party must appeal every order that determines its rights and liabilities or wait until a § 1291 appeal is ripe, it will probably do so. Second, it would disserve finality. If this Court does not address the KERRILYNN claim for want of jurisdiction, then a remand on the bigger issue of Diamond's quantum meruit claim already presupposes another appeal. But again, if this Court disagrees and finds that the KERRILYNN issue is not appealable until a final judgment, that has no bearing on the balance of the appeal.

**2. The 90-day notice requirement under the Miller Act for sub-subcontractors is not jurisdictional and need not be pled in the Complaint.**

In its Complaint, Diamond pled that Diamond was a subcontractor of RLB, or in the alternative, a sub-subcontractor. A subcontractor must make a claim with the contractor within a year of the end of work. A sub-sub must do so within 90 days. Diamond did not plead that Diamond had given notice to Travelers within 90 days of the end of work. The district court found that Diamond must plead notice because notice is jurisdictional, and gave Diamond fourteen days to amend. Diamond filed its amended Complaint more than fourteen days later. All this occurred after the close of discovery, and no prejudice was shown. Still, a district court has wide discretion to create and enforce deadlines on its docket, and that is reviewed on an

abuse-of-discretion standard. See *S&W Enterprises LLC v. Southtrust Bank of Alabama*, 315 F.3d 533, 537 (5th Cir. 2003).

Diamond has not appealed the district court's striking Diamond's second amended Complaint that references 90 days. Diamond need not do so because the original complaint was more than adequate. The district court's dismissal of Diamond's unamended Miller Act claim should be reviewed *de novo*, on an *Iqbal* standard. See *North Cypress Medical center v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level.") (cleaned up). The district court's holding only follows if the Miller Act's 90-day deadline is jurisdictional – if Diamond must plead it to get in the door to the Court. Otherwise, Diamond pled more than ample facts.

The Miller Act's deadline is not jurisdictional. Jurisdictional prerequisites were addressed in *Ft. Bend County, Texas v. Davis*, 139 S.Ct. 1843 (2019), where a unanimous Supreme Court looked at Title VII's charge-filing requirement, holding that "a rule may be mandatory without being jurisdictional." Courts have long done the same for the Miller Act. See *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012) (citing *U.S. for the Use of American Bank v. C.I.T Constr. Inc.*

*of Tex.,* 944 F.2d 253, 257 (5th Cir.1991) (holding the Miller Act's one-year deadline is not jurisdictional). Diamond's original allegations against Travelers meet the Fed. R. Civ. P. 8(a) pleading requirements, and should not have been dismissed.

### 3. RLB would have this Court reverse the burden on summary judgment.

RLB moved for summary judgment. RLB included six grounds in its motion. None of those grounds was that Diamond could not prove its damages. The district court granted RLB's motion, but not on the grounds RLB prayed for. The district court held Diamond could not prove its damages.

Diamond does not have the burden to rebut an unmade argument, and summary judgment is improper without notice and a reasonable time to respond. Fed. R. Civ. P. 56(f)(2). District courts may grant summary judgment on unraised arguments, but this Court has strictly enforced a notice requirement: Diamond must be given the opportunity to respond before summary judgment is granted on an unmade argument. *Leatherman v. Tarrant City Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994); *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 210 (5th Cir. 2018).

There is a harmless error exception: if there were no proof of Diamond's damages, then Diamond cannot complain that Diamond did not have a chance to present this evidence. *D'Onofrio*, 888 F.3d at 210. Here though, the district court did not hold that Diamond had failed to present evidence of its damages; it held that

Diamond could not prove its damages. In fact, the evidence of Diamond's damages is overwhelming – and that is on an incomplete record.

### 4. The evidence and the case law that Diamond should recover under quantum meruit remains overwhelming.

Diamond sued RLB because RLB told Diamond that RLB would compensate Diamond out of a request for equitable adjustment, to account for the delay owing to debris in the dredge spoil. Diamond continued working, switching to twenty-four hour operations at RLB's instruction, in reliance of that promise. When it came time to pay though, RLB decided to keep the great majority of the money for itself. Diamond was affected as much as anyone by the delay. RLB received money from the Corps for Diamond's work, and RLB still has that money. Under significant case law cited in Diamond's brief, Diamond has damages.

This case is controlled by *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d. 724 (Tex. 2018). RLB argues that *Hill* does not apply because Diamond is a sub-subcontractor, never mind that *Hill* is about damages in quantum meruit, not tiers of contractors. In *Hill*, the Texas Supreme Court instructed the parties to look at all equitable considerations in setting quantum meruit damages. The district court here did not do so. Reviewing all equitable considerations here shows that Diamond is entitled to recover on the REA.

## CONCLUSION

The district court's judgment dismissing Diamond's claims for want of damages should be reversed.

SUBMITTED BY:
S/Harry E. Morse
Bohman Morse, L.L.C.
400 Poydras Street
New Orleans, LA 70130

## CERTIFICATE OF SERVICE

I certify that on June 12, the foregoing document was forwarded served via the Court's Cm/ECF Document Filing System, to all counsel.

S/Harry E. Morse

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1:  this document contains 2,288 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2302 in Times New Roman 14.

S/Harry E. Morse

10