**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

Case No. 23-40137

Diamond Services Corporation,

Plaintiff – Appellant

v.

RLB Contracting, Inc., Harbor Dredging, Inc., and
Travelers Casualty and Surety Company of America,

Defendants – Appellees

On Appeal from the
United States District Court for the Southern District of Texas, Galveston Division
(3:21-CV-00253-JVB)

**APPELLEE RLB CONTRACTING, INC.'S MOTION FOR LEAVE TO**
**FILE SUR-REPLY**

Submitted by:
Mark C. Guthrie
Federal ID No. 6213
mguthrie@winstead.com
Cody N. Schneider
Federal ID No. 2228631
cschneider@winstead.com
John T. Wooldridge, Jr.
Federal ID No. 3669002
jwooldridge@winstead.com
**WINSTEAD PC**
600 Travis Street, Suite 5200
Houston, Texas 77002
Telephone (713) 650-8400
**COUNSEL FOR APPELLEE**
**RLB CONTRACTING, INC.**

## **MOTION FOR LEAVE TO FILE SUR-REPLY**

Appellee, RLB Contracting, Inc. ("RLB") respectfully moves this Court for leave to file a sur-reply ("Sur-Reply") to the Reply Brief of Appellant Diamond Services Corporation ("Diamond"), DN 37, ("Reply")pursuant to Federal Rule of Appellate Procedure 28(c) and Rule 28.4 of the Fifth Circuit Rules and Internal Operating Procedures, governing supplemental briefs. Diamond's Reply is chalk full of misrepresentations and mischaracterizations and attempts to advance new arguments and theories beyond supporting Diamond's Original Appellate Brief, DN 32, ("Original Brief") or rebutting RLB's Response Brief, DN 36, ("Response"), which RLB now seeks to address through its Sur-Reply.

For example, in an attempt to secure a reversal of the District Court's February 14, 2023 Order ("February 2023 Order") dismissing Diamond's quantum meruit and Miller Act claims, Diamond presents a new argument in its Reply about the District Court *sua sponte* granting summary judgment against these claims by holding "Diamond *could not prove* its damages." DN 37, p. 10. This is not just a new argument, it is completely different from Diamond's claims in its Original Brief that "[w]ithout endorsing RLB's conception of damages, the **district court held that Diamond *did not prove* it had damages** under any damages model" and "**[i]f the district court had held that Diamond *could not come forward with evidence*** for whatever reason, then Diamond presenting irrelevant evidence would be immaterial,

and **summary judgment would properly issue**." DN 32, p. 28. It also misrepresents the record, as demonstrated in RLB's proposed Sur-Reply. Along similar terms, Diamond argues for the first time in its Reply that the "harmless error exception," in connection with Federal Rule of Civil Procedure 56(f), does not apply here because "**the district court *did not hold that Diamond had failed to present evidence of its damages*; it held that Diamond *could not prove* its damages**." DN 37, p. 10-11 (emphasis added). As detailed further in the Sur-Reply, this is perhaps the most confounding misrepresentation in Diamond's Reply, not only because it directly contradicts Diamond's prior express arguments in its Original Brief, but also because nowhere in its February 2023 Order did the District Court state "Diamond *could not prove* its damages."

Then, in connection with its Miller Act bond claim, Diamond generally asserts in its Reply, without citing a specific District Court order, that "[t]he district court found that Diamond must plead notice because notice is **jurisdictional**." DN 37, p. 8 (emphasis added). Diamond made no reference to this alleged "jurisdictional" finding by the District Court in its Original Brief and neither RLB's Response nor the responses of the other Appellees claimed the District Court's dismissal of Diamond's Miller Act claim was "jurisdictional." Yet Diamond offers this purported "jurisdictional" finding for the first time in its Reply as a basis for this Court to reverse the District Court's dismissal of its Miller Act claim. As explained in more

detail in the Sur-Reply, Diamond's reference to the supposed "jurisdictional" finding cannot serve as a basis for reversal because the District Court never made such a finding and even if it did, such a finding would not be contrary to the precedent followed in this Circuit or other circuits.

Further, in an attempt to justify its untimely interlocutory appeal of the District Court's dismissal of its tug claims, Diamond claims in its Reply for the first time that it is a question of "first impression" whether a party is required to appeal an interlocutory order dismissing only some of its claims within 30 days of **that specific order** or whether it can wait until a later order dismissing the remainder of its claims to appeal both orders under 28 U.S.C. § 1292(a)(3) ("Section 1292(a)(3)"). DN 37, p. 7. As explained in more detail in the Sur-Reply, this is not a question of "first impression" as this Court's precedent, and the precedent of other circuits, show that if Diamond was going to appeal the dismissal of its tug claim, or any other claim dismissed, through the November 2022 Order it needed to do so within 30 days of the entry of that *specific order*.

Finally, in an unfounded attempt to satisfy its burden to establish appellate jurisdiction for the first time in its Reply, Diamond offers new and groundless claims that RLB and the District Court stated that the underlying lawsuit is an "admiralty case." Specifically, Diamond asserts in its Reply "**[t]he district court held that this is an admiralty case**," and cited to the District Court's Order granting the Joint

Motion to Strike Diamond's Untimely and Improper Jury Demand ("Joint Motion to Strike"), and also claims "**RLB told the district court** . . . **that this would always be an admiralty case**," citing the Joint Motion to Strike. DN 37, p. 6 (citing ROA.1893-99; ROA.1810-29) (emphasis added). Diamond made no reference in its Original Brief to these alleged statements by RLB or the District Court, which were never made, and offers them now in its Reply as a backdoor attempt to try satisfy its burden of establishing appellate jurisdiction for this interlocutory appeal for the first time in its Reply. Additionally, in a further attempt by Diamond to satisfy its burden to establish appellate jurisdiction for the first time in its Reply, Diamond has mischaracterized the scope and applicability of the Sixth Circuit's holding in *Williamson v. Recovery Ltd., P'Ship*, 731 F.3d 608, 618-19 (6th Cir. 2013) to advance the new argument, not previously raised in its Original Brief, that this Court has appellate jurisdiction under 28 U.S.C § 1292(a)(3) over its *civil claims* dismissed by the District Court's February 14, 2023 Order because the underlying lawsuit was an "admiralty case." *See* DN 37, p. 6.

As further explained in the Sur-Reply, these alleged "admiralty case" statements by RLB or the District Court cannot serve to satisfy Diamond's burden of establishing appellate jurisdiction for this interlocutory appeal because they do not exist and are clear misrepresentations of the record. Moreover, Diamond itself sought to withdraw its admiralty designation in order to demand a jury trial, admitted

that the underlying lawsuit was no longer an admiralty case following the District Court's November 2022 Order, and is estopped from even trying to make such inconsistent arguments now. ROA.1792, 1839-44; *Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996) (citing *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir.1993), *cert. denied*, 511 U.S. 1042, 114 S.Ct. 1565, 128 L.Ed.2d 211 (1994)).

RLB had no opportunity to respond to these new arguments in its Response and therefore, seeks leave to file its Sur-Reply and attached hereto as **Exhibit 1**.

## CONCLUSION

RLB requests that this Court grant RLB leave to file its Sur-Reply and grant RLB all such other and further relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

By:  */s/ Mark C. Guthrie*
  Mark C. Guthrie
  Texas Bar No. 08636600
  Federal ID No. 6213
  mguthrie@winstead.com
  Cody N. Schneider
  Texas Bar No. 24073595
  Federal ID No. 2228631
  cschneider@winstead.com
  John T. Wooldridge, Jr.
  Texas Bar No. 24118590
  Federal ID No. 3669002
  jwooldridge@winstead.com
  **WINSTEAD PC**
  600 Travis Street, Suite 5200
  Houston, Texas 77002

Telephone (713) 650-8400

**COUNSEL FOR APPELLEE**
**RLB CONTRACTING, INC.**

## CERTIFICATE OF SERVICE

I certify that on June 26, 2023, the foregoing document was served upon all counsel of record via the court's CM/ECF Document Filing System.

*/s/ Cody N. Schneider*
Cody N. Schneider

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this motion contains 1,131 words.

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), in accordance with Federal Rule of Appellate Procedure 27(d)(1)(E), because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2020 in Times New Roman 14-point type face.

*/s/ Cody N. Schneider*
Cody N. Schneider