# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Case No. 23-40137

Diamond Services Corporation,

        Plaintiff – Appellant

v.

RLB Contracting, Inc., Harbor Dredging, Inc., and
Travelers Casualty and Surety Company of America,

        Defendants – Appellees

On Appeal from the
United States District Court for the Southern District of Texas, Galveston Division
(3:21-CV-00253-JVB)

## APPELLEE RLB CONTRACTING, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUR-REPLY

Submitted by:
Mark C. Guthrie
Federal ID No. 6213
mguthrie@winstead.com
Cody N. Schneider
Federal ID No. 2228631
cschneider@winstead.com
John T. Wooldridge, Jr.
Federal ID No. 3669002
jwooldridge@winstead.com
**WINSTEAD PC**
600 Travis Street, Suite 5200
Houston, Texas 77002
Telephone (713) 650-8400
**COUNSEL FOR APPELLEE
RLB CONTRACTING, INC.**

## RLB CONTRACTING, INC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUR-REPLY

Appellee, RLB Contracting, Inc. ("RLB") respectfully submits this reply in support ("Reply") of its motion for leave, DN 43-1, ("Motion") to file a sur-reply ("Sur-Reply Brief") to the Reply Brief of Appellant Diamond Services Corporation ("Diamond"), DN 37, ("Diamond's Reply Brief") and responds to Diamond's Response to RLB's Motion, DN 48-1, ("Response") in which Diamond opposes granting RLB leave to file its Sur-Reply Brief.

Diamond asserts in its Response that Diamond's Reply Brief "focused principally on RLB's failure to cite Fed. R. Civ. P. 9(h)(2)." *See* DN 48-1, p. 2. This claim only reinforces the justification for the Court to grant RLB leave to file the Sur-Reply. This is because Diamond's Original Appellate Brief, DN 32, ("Diamond's Original Brief") contains no reference whatsoever to Federal Rule of Civil Procedure 9(h) ("Rule 9(h)"). Accordingly, RLB had no reason to focus specifically on Rule 9(h) in RLB's Response Brief, DN 36, ("RLB's Response Brief"). Yet, as Diamond admits in its Response, Diamond's Reply Brief "focused" its arguments on the previously unmentioned Rule 9(h). *See* DN 48-1, p. 2; DN 37, p. 5-7. As such, because Diamond did not present its arguments based on Rule 9(h) until Diamond's Reply Brief, RLB did not have an opportunity to address those arguments in RLB's Response Brief. Therefore, RLB should be permitted leave to

file its Sur-Reply Brief to address those arguments first raised in Diamond's Reply Brief.

Diamond then claims in its Response that Diamond's Reply Brief "brought to light ***no new facts***, and other than pointing out the relevant law regarding jurisdiction, ***little new law***." DN 48-1, p. 2 (emphasis added). These assertions by Diamond are disingenuous as Diamond certainly asserted new "facts" and arguments relying upon previously un-cited new "law" as purported support. As noted in RLB's Motion, Diamond's Reply Brief is chalk full of misrepresentations and mischaracterizations of new "facts" as well as new arguments and theories beyond those found in Diamond's Original Brief or rebutting RLB's Response Brief. *See* DN 43-1, p. 2. Specifically, Diamond asserted the following new claims or arguments **for the first time** in Diamond's Reply Brief:

1. The District Court *sua sponte* granted summary judgment against its quantum meruit and Miller Act claims by holding "Diamond ***could not prove*** its damages." *Compare* DN 37, p. 10 (emphasis added); *with* DN 32, p. 28 (stating "the **district court held that Diamond *did not prove* it had damages** under any damages model" and "***[i]f the district court had held that Diamond could not come forward with evidence*** for whatever reason, then Diamond presenting irrelevant evidence would be immaterial, and **summary judgment would properly issue**.").

2. The "harmless error exception," in connection with Federal Rule of Civil Procedure 56(f), does not apply here because "**the district court *did not hold that Diamond had failed to present evidence of its damages*; it held that Diamond *could not prove* its damages**." DN 37, p. 10-11 (emphasis added);

3

3. "The district court found that Diamond must plead notice because notice is **jurisdictional**." DN 37, p. 8 (emphasis added);

4. It is a question of "**first impression**" whether a party is required to appeal an interlocutory order dismissing only some of its claims within 30 days of **that specific order** or whether it can wait until a later order dismissing the remainder of its claims to appeal both orders under 28 U.S.C. § 1292(a)(3). DN 37, p. 7;

5. The District Court held that the underlying lawsuit is an "**admiralty case**," citing to the District Court's Order granting the Joint Motion to Strike Diamond's Untimely and Improper Jury Demand ("Joint Motion to Strike"), and "**RLB told the district court . . . that this would always be an admiralty case**," citing the Joint Motion to Strike. DN 37, p. 6 (citing ROA.1893-99; ROA.1810-29) (emphasis added); and

6. Mischaracterizing the scope and applicability of the Sixth Circuit's holding in *Williamson v. Recovery Ltd., P'Ship*, 731 F.3d 608, 618-19 (6th Cir. 2013) to advance the new argument that this Court has appellate jurisdiction under 28 U.S.C § 1292(a)(3) over its *civil claims* dismissed by the District Court's February 14, 2023 Order because the underlying lawsuit was an "admiralty case." *See* DN 37, p. 6.

Despite Diamond's claims otherwise, these were new factual allegations (*i.e.* new misrepresentations of the District Court's holdings and RLB's statements in the underlying lawsuit) and/or new arguments not previously offered in Diamond's Original Brief. As such, the arguments contained in RLB's Sur-Reply Brief do not "reiterate points it either should have made, or did make, in its first brief," because RLB did not have opportunity to respond to these mischaracterizations of facts or new legal arguments in RLB's Response Brief as they were made for the first time in Diamond's Reply Brief.

Moreover, although Diamond notes that RLB's Sur-Reply Brief is longer than Diamond's Reply Brief, the simple reality is that it took more to properly explain, and clarify, the prior holdings from the District Court, the actual statements made by RLB in the underlying lawsuit, and the law that Diamond mischaracterized than it took Diamond to misrepresent and/or mischaracterize them in the first place. Nevertheless, RLB's Sur-Reply Brief is still shorter than the 6,500 words permitted under Federal Rule of Appellate Procedure 32(a)(7)(B)(ii) and this is not a valid ground to deny RLB leave to file the Sur-Reply Brief.

Additionally, if this Court grants RLB's Motion, this Court should deny Diamond's request to limit RLB's Sur-Reply Brief to 350 words under Federal Rule of Appellate Procedure 28(j) ("Rule 28(j)"). First, Rule 28(j) does not concern supplemental ***briefs*** but instead concerns ***letters*** citing to pertinent and significant supplemental authorities that come to a party's attention after the party's brief is filed, or after oral argument, but before a decision is rendered by this Court. *See* FED. R. APP. P. 28(j). Further, Rule 28.4 of the Fifth Circuit Rules and Internal Operating Procedures makes this distinction even more clear, stating "*where **intervening decisions or new developments** should be brought to the court's attention, **counsel may direct a letter, not a supplemental brief,** to the clerk with citations and succinct comment.*" Fifth Circuit Rule 28.4 (citing FED. R. APP. P. 28(j)) (bolding emphasis added). Accordingly, under Rule 28(j) and this Court's local rules, the word

limitation set by Rule 28(j) is intended for situations in which a party simply needs to supplement the party's briefing with a *letter* providing additional authorities that either come to the party's attention or develop after the party's brief was filed. RLB's Sur-Reply Brief, on the other hand, does not simply consist of additional authorities that came to its attention or were developed after RLB's Response Brief was filed. Instead, as detailed in the Motion and noted above, RLB's Sur-Reply Brief addresses new factual allegations (*i.e.* new misrepresentations of the District Court's holdings and RLB's statements in the underlying lawsuit) and/or new legal arguments not previously offered in Diamond's Original Brief.

Further, under neither Rule 28(j) nor this Court's local rules does a party need to request leave to submit such a *letter* with supplemental authority to the Court's Clerk. *See* FED. R. APP. P. 28(j); Fifth Circuit Rule 28.4. Accordingly, under Rule 28(j), RLB could have sent, and still can send, the Court's Clerk a letter providing supplemental authorities and citations without needing to file the Motion or a similar motion for leave.

Finally, in light of Diamond's history of previously offering new factual allegations (*e.g.* new misrepresentations of the District Court's holdings and RLB's statements in the underlying lawsuit) and/or new arguments not previously offered in prior briefings, this Court should not grant Diamond leave to file a brief responding to RLB's Sur-Reply Brief. It is more likely than not that Diamond will

again attempt to squeeze new mischaracterizations and new legal arguments in such a brief that were not found previously in any of the parties' prior filings with this Court, which would then again leave RLB in position of not having the opportunity to respond to such previously unmade arguments or factual assertions.

## CONCLUSION

RLB requests that this Court grant RLB leave to file its Sur-Reply, deny Diamond's request to limit RLB's Sur-Reply to 350 words, deny Diamond's request to file a brief responding to RLB's Sur-Reply Brief, and grant RLB all such other and further relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

By: /s/ *Mark C. Guthrie*
Mark C. Guthrie
Texas Bar No. 08636600
Federal ID No. 6213
mguthrie@winstead.com
Cody N. Schneider
Texas Bar No. 24073595
Federal ID No. 2228631
cschneider@winstead.com
John T. Wooldridge, Jr.
Texas Bar No. 24118590
Federal ID No. 3669002
jwooldridge@winstead.com
**WINSTEAD PC**
600 Travis Street, Suite 5200
Houston, Texas 77002
Telephone (713) 650-8400

**COUNSEL FOR APPELLEE
RLB CONTRACTING, INC.**

## **CERTIFICATE OF SERVICE**

I certify that on July 11, 2023, the foregoing document was served upon all counsel of record via the court's CM/ECF Document Filing System.

*/s/ Cody N. Schneider*
Cody N. Schneider

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because this motion contains 1,408 words.

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), in accordance with Federal Rule of Appellate Procedure 27(d)(1)(E), because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word 2020 in Times New Roman 14-point type face.

*/s/ Cody N. Schneider*
Cody N. Schneider
